UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| **v.** | ) |
| | ) CR-05-BE-435-NE |
| **MALCOLM MYRON GOPHER** | ) |
| | ) |

**MEMORANDUM OF OPINION REGARDING ORDER
DENYING MOTION FOR RESENTENCING**

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion, on April 10, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines, which became effective on November 1, 2007. He also requests that the court consider the sentencing factors found at 18 U.S.C. § 3553(a) & (b) in fashioning a reduced sentence.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

1

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this action was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #136) of Malcolm Gopher to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 216-months sentence imposed upon movant under Counts One and Two to be served concurrently.  This movant pled guilty to these charges.  Each count of conviction carried a minimum sentence of LIFE because of the 21 U.S.C. § 851 Information timely filed by the government.  At the time the movant was sentenced, he was attributed with offenses involving 50 grams of crack cocaine and five KG of cocaine hydrochloride, resulting in a base offense level of 32.  The court adopted the presentence report, including the conclusion that the movant was a career offender pursuant to U.S.S.G. § 4B1.1.  Therefore, the base offense level was increased to 37 before the adjustment for acceptance of responsibility, and the criminal history category was increased from III to VI, pursuant to the career

---

[1] At this point, the crack amendment had no retroactive application.

offender provision of the Guidelines. With the application of the mandatory minimum statute, the court concluded that the total offense level of 34, combined with a criminal history category of VI, created a sentencing range of LIFE. Finally, based upon the government's motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the court departed from the term of LIFE to a sentence of 216 months on each count to be served concurrently.

The following chart sets forth the application of the crack amendment to the instant case:

|  | <u>Original Sentence</u> | <u>Retroactive Sentence Adjustment</u> |
|---|---|---|
| **Total Offense Level** | 34 (career offender) | 34 (career offender) |
| **Criminal History Category** | VI | VI |
| **Imprisonment Range** | `LIFE due to statute` | `LIFE due to statute` |
| **Departure** | `5K1.1 and 18 U.S.C. § 3553(e)` `Level 32, VI: 210-262` |  |
| **Sentence Imposed** | `216 months ea. ct. cc.` |  |
| **Designated Institution** | FCI Yazoo City |  |
| **Projected Release Date** | 7/14/2021 |  |

Pursuant to U.S.S.G § 1B1.10 (a)[2], this court finds that the movant is

---

[2]U.S.S.G § 1B1.10 (a)(2)(B), comment (n.1.(A)(ii)) (effective March 3, 2008) reads as follows: <u>Eligibility</u>. –Eligibility for consideration under ...3582(c) is triggered only by an amendment listed in (c) above that lowers the applicable guideline range.... Accordingly, a reduction ... is not authorized ... if ... (ii) an amendment is applicable to the defendant **but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision** ...." Emphasis added.

3

not eligible for consideration for a further reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Application of the crack amendment reduces his base offense level to 32, however, the career offender guideline at U.S.S.G. § 4B1.1 returns the offense level to 37, reduced to 34 with acceptance of responsibility. The statutory mandatory minimum sentence, however, remains LIFE. Thus, no change is created in the starting point for this court to consider the departure motion. At the sentencing hearing, and again pursuant to the instant motion, before the departure, the movant has an offense level of 34 and a criminal history category of VI, with a sentencing "range" of LIFE.

Furthermore, contrary to the movant's claim that this court did not consider the sentencing factors at 18 U.S.C. § 3553(a), the court fully considered those sentencing factors, specifically the nature and circumstances of the offense; the history and characteristics of the defendant and his criminal history; the seriousness of the offense; the need to promote respect for the law and to provide just punishment; and to avoid unwarranted sentencing disparities among defendants. The court concluded, after considering all of these factors, that the sentence of 216 months was sufficient, but not greater than necessary, to comply with the purposes of sentencing found at 18 U.S.C. § 3553.

A separate order denying movant's motion will be entered.

DONE and ORDERED this 28th day of April 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.