# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **5:05-CR-00435-KOB-JEO** |
| ) | |
| **MALCOLM MYRON GOPHER** ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant Malcolm Myron Gopher's motion for a writ of error coram nobis. (Doc. 151).[1] Upon consideration, the court finds that the motion is due to be denied and dismissed with prejudice.

Gopher was convicted on his February 22, 2006, plea of guilty to the charges of (1) conspiring to distribute and possessing 50 grams or more of a substance containing a detectable amount of cocaine base, and (2) conspiring to distribute and possessing five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846. The defendant was sentenced on November 2, 2006, to a custodial term of 216 months on each offense, with the sentences to be served concurrently. (Doc. 126).

Gopher previously filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for retroactive application of the Sentencing Guidelines for crack cocaine offenses. (Doc. 136). Because the defendant's mandatory minimum sentence would remain the same even if he were granted a downward departure, the court denied his motion. (*Id*. at Doc. 140 & 141). The defendant then moved the court for reconsideration of its order denying him retroactive application, which the

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.

court denied.  (*Id*. at Doc. 143 & 144).

The defendant next filed the present "Motion to Modify his Sentence Pursuant to Title 21 U.S.C. § 852 Via a Petition for a Writ of Error Coram Nobis 28 U.S.C. § 1651(a)."  (*Id*. at Doc. 151).  The court required the United States to appear and show cause why the requested relief should not be granted.  The United States responded that the petition is due to be dismissed as the Defendant is still in custody and *coram nobis* relief is unavailable to a person who is still in custody, citing *United States v. Garcia*, 181 F.3d 1274 (11th Cir. 1999).  (*Id*. at Doc. 159).  The court afforded the defendant an opportunity to respond, but he has not done so.

Because *coram nobis* relief is unavailable to a person in custody, the defendant's motion is due to be denied.[2]  *Garcia*, 181 F.3d 1274.  An appropriate order will be entered.

**DONE**, this the 11th day of September, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that even if it were to construe the defendant's petition as one filed pursuant to 28 U.S.C. § 2255, it would be barred by the one year statute of limitations.  28 U.S.C. § 2255(f).